## COSTIKYAN *v.* TRAVELERS' INS. CO.

*(Supreme Court, General Term, Fifth Department.* January 24, 1891.)

ACTION ON INSURANCE POLICY—PLEADING—COMPLAINT—DUPLICITY.

　　A complaint in an action against an insurance company which alleges the issuing of the policy; that insured sent it to one B.; that insured was dead, and plaintiff was his administrator, letters having issued to him in Illinois and New York; that B. claimed the insurance money, which was refused her, on the ground that she did not represent the estate of the insured; and that plaintiff finally obtained possession of the policy, and that B. released her right. *Held,* that the complaint stated a single cause of action.

Appeal from special term, Erie county.

Action by Siragan S. Costikyan, as administrator of Stephen K. Babasinian, deceased, against the Travelers' Insurance Company on an insurance policy. A motion to require plaintiff to elect between causes of action, or to make the complaint more definite and certain, was denied, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Clinton B. Gibbs,* for appellant.　*Abram Bartholomew,* for respondent.

CORLETT, J. The complaint alleges, in substance, that on the 27th day of June, 1888, the defendant, at the city of Chicago, issued an accident ticket, insuring Stephen K. Babasinian against accidents in the sum of $15 a week, or $3,000 if death occurred; that on the 26th day of the same month, in Niagara county, this state, the insured met his death by an accident on the Rome, Watertown & Ogdensburg Railroad; that on the 17th day of September, 1888, letters of administration were issued to the plaintiff in Cook county, Ill., and on the 24th day of June, 1889, ancillary letters were granted to him in Erie county, in the state of New York; that the insured mailed the ticket to Bertha W. Beman, who served proofs of loss on the defendant, and made claim to the insurance; that the defendant refused to pay her, on the ground that she did not represent the estate of the insured; that, finally, the plaintiff obtained the ticket or insurance policy, and Bertha W. Beman released her

claim to the insurance. The complaint demands judgment for $3,000. The defendant made a motion at the Erie special term requiring the plaintiff to elect between the different causes of action alleged to be stated in the amended complaint, or to make the same more definite and certain. The motion was denied, and the defendant appealed from the order to this court.

There does not appear to be any obscurity in the amended complaint. It alleges the issuing of the ticket, the sending it to one Bertha W. Beman; that after his death she claimed the money, which the defendant refused to pay; that the plaintiff became administrator of the deceased; that letters were issued to him in Illinois, and also in the county of Erie; that Bertha W. Beman delivered the ticket to him, surrendering all claim to the insurance money. The administrator thereupon brought this action. No reason is seen why the action is not well brought. The administrator is the personal representative of the deceased, and is entitled to recover the amount secured by the policy. But a single cause of action is stated in the complaint. There is nothing in it indicating that anybody else except the administrator is the owner of the policy, or entitled to the moneys due upon it. After the receipt of the money by him, if he is not the real owner, he must account to the person who is. Upon the facts stated in the complaint, the defendant would be fully protected in paying the money to the plaintiff. The order of the special term was right, and should be affirmed. All concur.